IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 97-20498
Summary Calendar
_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

OSCAR FUENTES, a/k/a Camarron,

                                        Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-96-CV-4381
- - - - - - - - - -
May 11, 1998

Before DUHE' DeMOSS and DENNIS, Circuit Judges.

PER CURIAM:[*]

Oscar Fuentes, federal inmate #24793-013, appeals from the denial of his motion for reduction of sentence pursuant to 28 U.S.C. § 3582. He also moves for a certificate of appealability (COA) in order to appeal the denial of his 28 U.S.C. § 2255 motion.

Fuentes fails to challenge the district court's rationale for denying the § 3582 motion. Thus, any issue as to the

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

propriety of the court's ruling is deemed abandoned on appeal.

See Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993).  The

appeal from the denial of the § 3582 motion is frivolous.  See

5th Cir. R. 42.2.

Fuentes raises the following issues in seeking a COA:

1) the amendment clarifying U.S.S.G. § 3B1.1 has retroactive

effect; 2) trial counsel rendered ineffective assistance in light

of the lies and fabrications of two key government witnesses,

which Fuentes views as the basis for his conviction;** 3) counsel

rendered ineffective assistance at sentencing; 4) appellate

counsel rendered ineffective assistance; 5) habeas counsel

rendered ineffective assistance; 6) the Government knowingly used

---

** According liberal construction to Fuentes' brief, we construe his brief as raising the following ineffective-assistance claims against trial counsel:  failure to read discovery materials which contained lies against Fuentes; failure to move before trial to exclude perjured evidence; failure to object on unspecified grounds to the witnesses' purportedly false testimony; failure to request a materiality instruction, a limiting instruction about perjury, an instruction on the elements of conspiracy, and a multiple-conspiracies instruction; failure to investigate properly Fuentes' case and to move pretrial for the suppression, on unspecified grounds, of government evidence; failure to move for the exclusion of unspecified other-acts evidence; failure to object to the Government's purported coaching of the perjured testimony; failure to impeach the lying witnesses on cross-examination; failure to advise Fuentes of relevant law on conspiracy; failure to raise an alibi defense and to request pertinent instructions related to such a defense; failure to raise the defense of entrapment; failure to object to the court's Allen charge; failure to discover and present the purported misidentification of Fuentes as the person identified as "Oscar Fuentes"; failure to challenge the instruction given pursuant to Pinkerton v. United States, 328 U.S. 640 (1946); and failure to move for a new trial premised upon the purportedly perjured testimony and upon an alibi defense.

perjured testimony; and 7) the Government failed to disclose favorable evidence.  Fuentes fails to make a substantial showing of the denial of a constitutional right.  See 2253(c)(2).  IT IS ORDERED that COA is DENIED.

APPEAL DISMISSED.  COA DENIED.